**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**THE BULLARD BUILDING
CONDOMINIUM ASSOCIATION, INC.,**

    **Plaintiff,**

v.                                              Case No.: 8:06-cv-1194-T-27MSS

**THE TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,**

    **Defendant.**
_____/

**ORDER**

This matter comes before the Court for consideration of Defendant's Motion for a More Definite Statement (Dkt. 7). Defendant asks the Court to enter an Order requiring Plaintiff to file an amended complaint " clarifying the nature of Travelers' alleged breach of contract, the claims which are the subject of the lawsuit, and the nature of the relief sought" (Dkt. 7, pp. 5-6).

Plaintiff originally filed this action in the Circuit Court for Polk County, Florida. It was removed to this Court on June 28, 2006. In the Complaint, Plaintiff claims that Defendant has breached the commercial property insurance policy (the "Policy") it issued to Plaintiff on Plaintiff's historic property located at 239 East Stuart Avenue in Lake Wales, Florida (the "Property"). Specifically, Plaintiff claims that Defendant has failed to pay Plaintiff the amount owed under the Policy for damages sustained to the Property from Hurricane Charley, which struck Lake Wales on Friday, August 13, 2004. In the Complaint, Plaintiff claims that Defendant has made only partial payments for the:

>losses or expenses covered by the insurance contract to repair, rebuild or replace damaged property with other property of like kind and quality,

> replacement costs of damage to building, awnings, glass, business personal property, debris removal, preservation of property, personal effects and property of others, valuable papers and records, as well as the costs of temporary relocation of property.

(Dkt. 2 at p. 3)

Defendant contends that some of the claims referenced in the Complaint have not been properly presented to Defendant under the terms of the Policy. Thus, Defendant claims that the Complaint is "unclear as to whether the insured is actually seeking to recover for such items and therefore, the averments of the Complaint are vague to such an extent that [Defendant] cannot determine what items are in dispute between the parties . . . ." (Dkt. 7, pp. 1-2).

Plaintiff responds that "the Complaint conveys more than adequate notice to Defendant for purpose[s] of drafting an answer" (Dkt. 8 at p. 1). In support of this contention, Plaintiff cites to Scarfato v. National Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993) for the proposition that motions for more definite statements are disfavored in light of liberal discovery practices and that such motions should only be granted "when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond." (Dkt. 8 at p. 2, quoting Scarfato, 830 F. Supp. at 1443).

When considering a motion for a more definite statement made under F. R. Civ. P. 12(e), the Court looks to the requirements of F. R. Civ. P. 8. Under F. R. Civ. P. 8, a pleading must contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. As the court stated in United States v. Metro Development Corporation, 61 F.R.D. 83, 86-87 (N.D. Ga. 1973):

> In view of the great liberality of F. R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under

Rule 8 is sufficient to withstand a motion to dismiss.

Id., quoting from Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).

Thus, the court in Metro Development concluded that when a complaint satisfies F. R. Civ. P. 8 and "gives fair notice to the of the nature of the claim to the adverse party, a motion for a more definite statement will not be granted." Id. at 86.

In this case, the Undersigned finds that Plaintiff has met the requirements set forth under F. R. Civ. P. 8. In this breach of contract case, Plaintiff has fashioned a complaint that provides fair notice to Defendant of the nature of the claim. See Sun Co. v. Bagder Design & Constructors, 939 F. Supp. 365 (E.D. Pa. 1996) (finding that plaintiff pled its claims for breach of contract with sufficient specificity under F. R. Civ. P. 12 (e), where a copy of the contract was attached to the complaint and plaintiff listed reasons why defendants had breached the contract).

Accordingly, Defendant's Motion (Dkt. 7) is **DENIED** and Defendant has ten (10) days from the date of this Order to answer the Complaint.

**DONE and ORDERED** in Tampa, Florida on this 31st day of July 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record