UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BULLARD BUILDING
CONDOMINIUM ASSOCIATION, INC.,

        Plaintiff,

vs.                                      Case No. 8:06-CV-1194-T-27MSS

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Defendant's Motion to Dismiss or, Alternatively, to Abate and to Compel Appraisal (Dkt. 11), to which Plaintiff has responded in opposition (Dkt. 12). Upon consideration, the Motion to Dismiss is denied. The alternative Motion to Abate and to Compel Appraisal is granted.

Plaintiff filed its breach of contract claim alleging that Defendant failed to pay Plaintiff's expenses for repairing damage to its building caused by Hurricane Charley in 2004. (Dkt. 2). The case was originally filed in state court. After Defendant's motion for more definite statement was set for hearing, Defendant removed the case to federal court. After the motion for more definite statement was denied (Dkt. 9), Defendant filed an Answer (Dkt. 10) and contemporaneous Motion to Dismiss or, Alternatively, to Abate and to Compel Appraisal (Dkt. 11).

Because Defendant has answered the Complaint, the motion to dismiss is denied. *See* Fed. R. Civ. Pro. 12(b)(6) ("A motion making any of these defenses shall be made before pleading if a

further pleading is permitted."). Defendant's alternative Motion to Compel Appraisal is granted. The record does not support Plaintiff's contention that Defendant waived its right to compel the appraisal process.

In Florida, appraisal clauses in insurance policies have generally been treated as arbitration provisions. *Three Palms Pointe, Inc. v. State Farm Fire and Cas. Co.*, 250 F. Supp. 2d 1357, 1362 (M.D.Fla. 2003); *Gray Mart, Inc. v. Fireman's Fund Ins. Co.*, 703 So. 2d 1170, 1172 (Fla. 3d DCA 1997). The right to an appraisal may be waived if a party maintains a position inconsistent with the appraisal remedy. *Id.*; *see also Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005) (resolving circuit split and holding that a showing of prejudice is not required to find a waiver of an arbitration clause). Here, although defendant could have invoked the appraisal process at an earlier time in the dispute, the appraisal clause does not require Defendant to invoke the appraisal process prior to suit or for that matter at any particular time. Defendant's conduct has not been shown to have been inconsistent with the appraisal remedy, at least to the extent of supporting waiver.

The state court action was filed on March 7, 2006 and removed to federal court on June 28, 2006. Defendant filed its alternative Motion to Compel Appraisal on August 14, 2006. The case has not been extensively litigated nor have the parties engaged in extensive discovery. *Cf. Shoma Dev. Corp. v. Rodriguez*, 730 So. 2d 838 (Fla. 3d DCA 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before one of the parties invoked the arbitration clause); *Gray Mart, Inc.*, 703 So.2d at 1173 (finding waiver where defendant litigated the case for fourteen months and did not seek appraisal until after its dispositive motion had been denied). Considering the relatively short time the case has been pending, Defendant effectively made a prompt invocation

of its appraisal rights under the terms of the policy. *See Gonzalez v. State Farm Fire and Cas. Co.,* 805 So. 2d 814, 818 (Fla. 3d DCA 2000) (finding no waiver where motion to compel appraisal was made within thirty days of filing the lawsuit).

Accordingly, it is

**ORDERED AND ADJUDGED** that:

(1) Defendant's alternative Motion to Abate and to Compel Appraisal (Dkt. 11) is **GRANTED**. The parties are directed to effect the appraisal process within twenty (20) days according to the terms of the policy. The parties shall file a joint status report within fifteen (15) days of completion of the appraisal process.

(2) Any other pending motions are **DENIED** as moot.

(3) The Clerk is directed to administratively close the case.

**DONE AND ORDERED** in chambers on this 25th day of September, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record